FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 30 2010



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK S. KAUFMAN and BARBARA ) | |
| O'NEILL, Individually, and BARBARA ) | |
| O'NEILL as Executor of the Estate of ) | **RLV** |
| EDITH KAUFMAN, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. **1** **10** · **CV** – **2399** |
| SUNRISE SENIOR LIVING MANAGE- ) | |
| MENT INC. d/b/a EDENBROOK OF ) | |
| DUNWOODY; TWENTY TWO PACK ) | |
| MANAGEMENT CORP.; SUNRISE ) | |
| SENIOR LIVING INVESTMENTS, INC.; ) | |
| SUNRISE SENIOR LIVING SERVICES, ) | |
| INC.; SAH OPERATIONS, INC.; ) | |
| SUNRISE DEVELOPMENT, INC.; ) | |
| ABC CORP.; XYZ CORP.; and ) | |
| JOHN/JANE DOE 1-5, ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR REMOVAL

COME NOW Sunrise Senior Living Management, Inc. d/b/a Edenbrook of

Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty

Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise

Senior Living Services, Inc., and Sunrise Development, Inc., Defendants in the

above-captioned action, and hereby file this their Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1441, et seq., and show this Court the following:

1.

The present action was commenced by the Plaintiffs in the State Court of Fulton County. The suit is identified as <u>Mark S. Kaufman and Barbara O'Neill, Individually, and Barbara O'Neill as Executor of the Estate of Edith Kaufman v. Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody; Twenty Two Pack Management Corp.; Sunrise Senior Living Investments, Inc.; Sunrise Senior Living Services, Inc.; SAH Operations, Inc.; Sunrise Development, Inc.; ABC Corp.; XYZ Corp.; and John/Jane Doe 1-5</u>, Civil Action File No. 10EV010443G.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Plaintiffs' Complaint is attached hereto as Exhibit "A"). The earliest knowledge and first notice by Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Services,

Inc., and Sunrise Development, Inc., or their agents, of Plaintiffs' Complaint was July 2, 2010.

3.

The filing of this Petition for Removal is timely under 28 U.S.C. §1446 (b) in that it has been filed within thirty (30) days of the date Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Services, Inc., and Sunrise Development, Inc. first received notice of Plaintiffs' Complaint.

4.

This action is of a civil nature and relates to the allegation that Plaintiffs' Decedent, Edith Kaufman sustained bodily injury, endured pain and suffering, and incurred medical expenses. The allegations which form the basis of Plaintiffs' Complaint occurred between March 2008 and July 2008. The substance of Plaintiffs' Complaint is that Defendants committed negligence by failing to take reasonable precautions and preventive measures to provide for Decedent's safety thereby causing Decedent to sustain a fall and suffer physical injury, which ultimately lead to Decedent's death.

5.

Pursuant to 28 § USC 1332, for the purposes of diversity of citizenship – the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. Based upon information and belief, Decedent Edith Kaufman was a resident of the State of Georgia. Further, upon information and belief, Plaintiffs Mark S. Kaufman and Barbara O'Neill, are residents of the State of Georgia.

6.

Defendant Sunrise Senior Living Management, Inc. (improperly named Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody) is a non-resident corporation established under the laws of the State of Virginia with principle place of business in the State of Virginia.

7.

Defendant Twenty Two Pack Management Corp. is a non-resident corporation established under the laws of the State of Delaware with its principal place of business in the State of Florida.

8.

Defendant Sunrise Senior Living Investments, Inc. is a non-resident corporation established under the laws of the State of Virginia with its principle place of business in the State of Virginia.

9.

Defendant Sunrise Senior Living Services, Inc. is a non-resident corporation established under the laws of the State of Delaware with its principle place of business in the State of Virginia.

10.

Defendant SAH Operations, Inc. is a separate and distinct corporation, which is currently unrelated to any of the named Defendants. Sunrise at Home, the former name of SAH Operations, Inc., was a former affiliate of the named Defendants but this entity was sold in or about 2007. According to the Georgia Secretary of State website, its corporate status is active/noncompliant. Further, based upon information and belief, Defendant SAH Operations, Inc. has not been served with a copy of the Complaint and as of this time, Defendants have been unable to contact anyone to gain the consent of SAH Operations, Inc. for removal. Nonetheless, Defendant SAH Operations, Inc. is an improper party as it did not have any involvement in the ownership, operation or management of the subject

community during the period of Ms. Kaufman's residency. As such, SAH Operations, Inc. should not be considered for purposes of this Petition for Removal. However, to the extent it is considered, the Georgia Secretary of State website lists SAH Operations, Inc. as a non-resident corporation established under the laws of the State of Delaware with its principle place of business in the State of Virginia.

11.

Defendant Sunrise Development, Inc. is a non-resident corporation established under the laws of the State of Virginia with its principle place of business in the State of Virginia.

12.

Since Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Services, Inc., and Sunrise Development, Inc. are not residents of the State of Georgia, there exists complete diversity among the parties who are presently before the Court.

13.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which, based on the allegations contained in Plaintiffs' complaint that Decedent sustained bodily injury, endured pain and suffering, incurred medical expenses, including at least one hospitalization, and ultimately died as a result, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

WHEREFORE, Petitioners, Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Services, Inc., and Sunrise Development, Inc., Defendants in the action described hereinabove which is currently pending in the State Court of Fulton County, State of Georgia, Civil Action File No. 10EV010443G pray that this action be removed therefrom to this Court.

**SIGNATURE ON NEXT PAGE**

Respectfully submitted, this _30ᵗʰ_ day of July, 2010.

**HAWKINS PARNELL THACKSTON &
YOUNG LLP**

David C. Marshall
State Bar No. 471512
Christian J. Lang
State Bar No. 435437
*Counsel for Defendants Sunrise Senior Living*
*Management, Inc. d/b/a Edenbrook of Dunwoody*
*(properly named Sunrise Senior Living*
*Management, Inc.), Twenty Two Pack*
*Management Corp., Sunrise Senior Living*
*Investments, Inc., Sunrise Senior Living Services,*
*Inc., and Sunrise Development, Inc.*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hptylaw.com
E-mail: clang@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK S. KAUFMAN and BARBARA O'NEILL, Individually, and BARBARA O'NEILL as Executor of the Estate of EDITH KAUFMAN, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| SUNRISE SENIOR LIVING MANAGE-MENT INC. d/b/a EDENBROOK OF DUNWOODY; TWENTY TWO PACK MANAGEMENT CORP.; SUNRISE SENIOR LIVING INVESTMENTS, INC.; SUNRISE SENIOR LIVING SERVICES, INC.; SAH OPERATIONS, INC.; SUNRISE DEVELOPMENT, INC.; ABC CORP.; XYZ CORP.; and JOHN/JANE DOE 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **PETITION FOR REMOVAL** to the following counsel and addressed as follows:

William Q. Bird, Esq.
Jennifer A. Kurle, Esq.
Bird Law Group, P.C.
2170 Defoor Hills Road
Atlanta, GA 30318

by depositing same in the United States mail with sufficient postage affixed thereon.

This __30__<sup>TH</sup> day of July, 2010.

                                    **HAWKINS PARNELL THACKSTON & YOUNG LLP**

                                    David C. Marshall
                                    Georgia Bar No. 471512
                                    Christian J. Lang
                                    Georgia Bar No. 435437

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK S. KAUFMAN and BARBARA O'NEILL, Individually, and BARBARA O'NEILL, as Executor of the Estate of EDITH KAUFMAN, Deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| SUNRISE SENIOR LIVING MANAGE-MENT INC. d/b/a EDENBROOK OF DUNWOODY, TWENTY TWO PACK MANAGEMENT CORP., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE SENIOR LIVING SERVICES, INC., SAH OPERATIONS, INC., SUNRISE DEVELOPMENT, INC., ABC CORP.; YXZ CORP., and JOHN/JANE DOE 1-5, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **TYPE LIMITATIONS CERTIFICATION**

Pursuant to Local Rule 7.1 (d), the undersigned hereby certifies that **PETITION FOR REMOVAL** has been prepared in Times New Roman (14 point), as required by Local Rule 5.1 (b).

This, the $\underline{30}^{TH}$ day of July, 2010.

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

David C. Marshall
State Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437

*Counsel for Defendants Sunrise Senior Living Management, Inc. d/b/a Edenbrook of Dunwoody (properly named Sunrise Senior Living Management, Inc.), Twenty Two Pack Management Corp., Sunrise Senior Living Investments, Inc., Sunrise Senior Living Services, Inc., and Sunrise Development, Inc.*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hptylaw.com
E-mail: clang@hptylaw.com

10551142v.1

# EXHIBIT "A"

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31964808
Date: Jul 2 2010 6:28PM
Mark Harper, Clerk

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MARK S. KAUFMAN and BARBARA | ) | |
| O'NEILL, Individually, and BARBARA | ) | |
| O'NEILL as Executor of the Estate of | ) | |
| EDITH KAUFMAN, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| SUNRISE SENIOR LIVING | ) | |
| MANAGEMENT, INC. d/b/a | ) | |
| EDENBROOK OF DUNWOODY; | ) | **JURY TRIAL DEMANDED** |
| TWENTY TWO PACK MANAGEMENT | ) | |
| CORP.; SUNRISE SENIOR LIVING | ) | |
| INVESTMENTS, INC.; SUNRISE | ) | |
| SENIOR LIVING SERVICES, INC.; | ) | |
| SAH OPERATIONS, INC.; SUNRISE | ) | |
| DEVELOPMENT, INC.; ABC CORP.; | ) | |
| XYZ CORP.; and JOHN/JANE DOE 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Mark S. Kaufman and Barbara O'Neill, Individually, and Barbara O'Neill, as the

Executor of the Estate of Edith Kaufman, Deceased, hereby file the above-styled Complaint and

show this Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Mark S. Kaufman is the son of Edith Kaufman. Plaintiff Barbara O'Neill is the

daughter of Edith Kaufman and the Executor of her Estate. (See Letters Testamentary, attached

hereto as Exhibit "A.") Plaintiffs Mark S. Kaufman and Barbara O'Neill hereby submit to the

jurisdiction of this Court.

2.

Defendant Sunrise Senior Living Management, Inc. d/b/a EdenBrook of Dunwoody ("Sunrise Senior Living Management, Inc.") is a Virginia corporation licensed to conduct business in Georgia, with its principal office address located at 7900 Westpark Drive, Ste. T900, McLean, VA 22102. Defendant Sunrise Senior Living Management, Inc., may be served with process upon its registered agent, Corporation Process Company, at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097.

3.

At all times material hereto, Defendant Sunrise Senior Living Management, Inc., managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690 Mount Vernon Highway, Atlanta, GA 30328.

4.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant Sunrise Senior Living Management, Inc., and were acting within the course and scope of their employment/agency with Defendant Sunrise Senior Living Management, Inc.

5.

Defendant Sunrise Senior Living Management, Inc. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

6.

Defendant Twenty Two Pack Management Corp. is a Delaware corporation licensed to conduct business in Georgia, with its principal office address located at 1440 Hwy A1A, Vero Beach, FL 32963. Defendant Twenty Two Pack Management Corp. may be served with process

upon its registered agent, C T Corporation System, at 1201 Peachtree Street, NE, Atlanta, GA 30361.

7.

At all times material hereto, Defendant Twenty Two Pack Management Corp. owned EdenBrook of Dunwoody located in Fulton County at 690 Mount Vernon Highway, Atlanta, GA 30328.

8.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant Twenty Two Pack Management Corp. and were acting within the course and scope of their employment/agency with Defendant Twenty Two Pack Management Corp.

9.

Defendant Twenty Two Pack Management Corp. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

10.

Defendant Sunrise Senior Living Investments, Inc. is a Virginia corporation licensed to conduct business in Georgia, with its principal office address located at 7900 Westpark Drive, Ste. T900, McLean, VA 22102. Defendant Sunrise Senior Living Investments, Inc., may be served with process upon its registered agent, Corporation Process Company, at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097.

-3-

11.

At all times material hereto, Defendant Sunrise Senior Living Investments, Inc., owned,

managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690

Mount Vernon Highway, Atlanta, GA 30328.

12.

At all times material hereto, the nurses and staff who provided care and treatment to

Edith Kaufman were employees and/or agents of Defendant Sunrise Senior Living Investments,

Inc., and were acting within the course and scope of their employment/agency with Defendant

Sunrise Senior Living Investments, Inc.

13.

Defendant Sunrise Senior Living Investments, Inc. is vicariously liable for the negligence

of its employees and/or agents under the doctrine of *respondeat superior*.

14.

Defendant Sunrise Senior Living Services, Inc. is a Delaware corporation licensed to

conduct business in Georgia, with its principal office address located at 7900 Westpark Drive,

Ste. T900, McLean, VA 22102.  Defendant Sunrise Senior Living Management, Inc. may be

served with process upon its registered agent, Corporation Process Company, at 2180 Satellite

Blvd., Suite 400, Duluth, GA 30097.

15.

At all times material hereto, Defendant Sunrise Senior Living Services, Inc., owned,

managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690

Mount Vernon Highway, Atlanta, GA 30328.

-4-

16.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant Sunrise Senior Living Services, Inc., and were acting within the course and scope of their employment/agency with Defendant Sunrise Senior Living Services, Inc.

17.

Defendant Sunrise Senior Living Services, Inc. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

18.

Defendant SAH Operations, Inc., is a Delaware corporation licensed to conduct business in Georgia, with its principal office address located at 7902 Westpark Drive, McLean, VA 22102. Defendant SAH Operations, Inc., may be served with process upon its registered agent, Corporation Process Company, at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097.

19.

At all times material hereto, Defendant SAH Operations, Inc., managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690 Mount Vernon Highway, Atlanta, GA 30328.

20.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant SAH Operations, Inc., and were acting within the course and scope of their employment/agency with Defendant SAH Operations, Inc.

-5-

21.

Defendant SAH Operations, Inc. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

22.

Defendant Sunrise Development, Inc., is a Virginia corporation licensed to conduct business in Georgia, with its principal office address located at 7900 Westpark Drive, Ste. T900, McLean, VA 22102. Defendant Sunrise Development, Inc., may be served with process upon its registered agent, Corporation Process Company, at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097.

23.

At all times material hereto, Defendant Sunrise Development, Inc., managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690 Mount Vernon Highway, Atlanta, GA 30328.

24.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant Development, Inc., and were acting within the course and scope of their employment/agency with Defendant Sunrise Development, Inc.

25.

Defendant Sunrise Development, Inc. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

26.

Defendant ABC Corp. owned, managed, controlled and/or operated EdenBrook of Dunwoody located in Fulton County at 690 Mount Vernon Highway, Atlanta, GA 30328.

27.

The identity of ABC Corp. is unknown to Plaintiff but is well-known to these Defendants.

28.

At all times material hereto, the nurses and staff who provided care and treatment to Edith Kaufman were employees and/or agents of Defendant ABC Corp., and were acting within the course and scope of their employment/agency with Defendant ABC Corp.

29.

Defendant ABC Corp. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

30.

Defendant XYZ Corp. provides staffing services to EdenBrook of Dunwoody.

31.

The identity of Defendant XYZ Corp. is unknown to Plaintiff but is well-known to these Defendants.

32.

Upon information and belief, some of the nurses and staff who provided care and treatment to Edith Kaufman at EdenBrook of Dunwoody were employees and/or agents of Defendant XYZ Corp. and were acting within the course and scope of their employment/agency with Defendant XYZ Corp.

-7-

33.

Defendant XYZ Corp. is vicariously liable for the negligence of its employees and/or agents under the doctrine of *respondeat superior*.

34.

Venue is proper in Fulton County.

## FACTS

35.

Edenbrook of Dunwoody's Mission Statement is "Champion the Quality of Life for All Seniors."

36.

Edith Kaufman became a resident of the assisted living unit at EdenBrook of Dunwoody ("EdenBrook") on March 1, 2008.

37.

At the time of her admission to EdenBrook, Edith Kaufman was ambulatory with the use of a walker.

38.

At the time of her admission to EdenBrook, Edith Kaufman was continent of bowel and bladder.

39.

During her stay in the Edenbrook facility, Ms. Kaufman fell multiple times.

40.

Ms. Kaufman first fell on April 18, 2008.

41.

Ms. Kaufman fell again on June 1, 2008.

42.

On June 3, 2008, Ms. Kaufman was transferred to the reminiscence unit of EdenBrook.

43.

At or about that same time, Ms. Kaufman's family requested that EdenBrook put in place fall protection and prevention protocol.

44.

Ms. Kaufman fell again on June 14, 2008.

45.

On July 3, 2008, at approximately 11:30 p.m., Ms. Kaufman complained of left knee pain. A medical technician noted that Ms. Kaufman was unable to apply pressure to her left leg, and medication was provided. The Edenbrook records demonstrate no further intervention by the EdenBrook staff at that time.

46.

Approximately six hours later, at 5:30 a.m., a notation in the Daily Log reflects that Edith Kaufman was complaining of left knee pain and could not walk to the restroom. It was also noted that Edith Kaufman had been incontinent of bladder twice, at 6:00 a.m. and 6:30 a.m. The records further reflect that Ms. Kaufman had to be lifted to the restroom.

47.

Approximately twelve hours after Ms. Kaufman initially complained of left leg pain, she was taken to St. Joseph's Hospital for evaluation.

-9-

48.

The St. Joseph's Hospital of Atlanta records reflect that Ms. Kaufman was complaining of left hip pain and had been hurting since July 3, 2008. The History and Physical states that Ms. Kaufman developed left hip pain after being transferred from a wheelchair to her bed. Her pain was noted to be severe. She was further noted to have bruising to her head and under her left chin. X-rays of Ms. Kaufman's left hip revealed a moderately displaced intertrochanteric femoral fracture.

49.

On July 5, 2008, Ms. Kaufman underwent surgical repair of her left hip fracture.

50.

Approximately 24 hours after the procedure, Ms. Kaufman was found to have increased confusion, decreased level of consciousness and decreased urine output. Her condition continued to decline and on July 9, 2008, she was discharged into hospice care until her death on July 22, 2008.

51.

Fulton County Medical Examiner Michele T. Stauffenberg, M.D. declared that Ms. Kaufman's cause of death was, "Left femur fracture, delayed effects" as a consequence of a "Ground level fall." (Death Certificate attached hereto as Exhibit "B.")

52.

On July 18, 2008, the Georgia Department of Human Resources (DHR) conducted a survey of the EdenBrook of Dunwoody facility and issued EdenBrook three (3) citations related to Edith Kaufman's injuries, including two (2) Category II citations and a fine. (DHR Survey Report attached as Exhibit "C.")

-10-

53.

EdenBrook was cited for, *inter alia*, its twelve hour delay in obtaining needed care for

Ms. Kaufman's July 3, 2008 injuries and for its failure to notify Ms. Kaufman's family of her

sudden, adverse change in condition.

## COUNT ONE – WRONGFUL DEATH

54.

The allegations of Paragraphs 1 through 53 are hereby reincorporated by reference as if

set forth fully herein.

55.

The standard of care required that the nurses and staff at EdenBrook implement and

follow a fall protection protocol for Edith Kaufman.

56.

The nurses and staff at EdenBrook breached the standard of care by failing to implement

and follow a fall protection protocol for Edith Kaufman.

57.

The standard of care also required that the nurses and staff at EdenBrook timely

recognize that Edith Kaufman had experienced an injury on July 3, 2008, and provide or obtain

timely and appropriate care for her injury.

58.

The nurses and staff at EdenBrook breached the standard of care by failing to timely

recognize Edith Kaufman had experienced an injury on July 3, 2008, and provide or obtain

timely and appropriate care for her injury.

59.

The Defendants were negligent in their care and treatment of Edith Kaufman.

60.

As a direct and proximate result of Defendants' negligence, Edith Kaufman sustained injuries and damages, including but not necessarily limited to multiple falls, a moderately displaced intertrochanteric femoral fracture, pain and suffering, and a wrongful death on July 22, 2008.

61.

Plaintiffs Mark S. Kaufman and Barbara O'Neill bring Count One of this complaint in their individual capacities to recover for the full value of the life of their mother, Edith Kaufman, as shown by the evidence.

## COUNT TWO – ESTATE CLAIM

62.

The allegations of Paragraphs 1 through 61 are hereby reincorporated by reference as if set forth fully herein.

63.

As a direct and proximate result of Defendants' negligence, Edith Kaufman suffered physical injury and conscious pain and suffering prior to her death.

64.

Plaintiff Barbara O'Neill, in her capacity as Executor of the Estate of Edith Kaufman brings Count Two of this complaint, to recover for the injuries and pain and suffering experienced by her mother prior to her death, medical bills, funeral and burial expenses, and any other relief authorized by Georgia law.

## COMPLIANCE WITH O.C.G.A. § 9-11-9.1

65.

In compliance with O.C.G.A. § 9-11-9.1, Plaintiff attaches the expert affidavit of Stacy Daniels, R.N. (Exhibit D).

**WHEREFORE,** Plaintiffs demand judgment against the Defendants in an amount in excess of Ten Thousand Dollars ($10,000.00) which a jury determines from the evidence will fully and adequately compensate Mark S. Kaufman and Barbara O'Neill, Individually, for the wrongful death of their mother, Edith Kaufman. Plaintiffs further demand judgment in an amount which a jury determines from the evidence will compensate the Estate of Edith Kaufman. Plaintiffs further request any other damages which are authorized and available to them under Georgia law and request that all costs be cast against the Defendants.

Respectfully submitted,

/s/ William Q. Bird
William Q. Bird
Georgia Bar No. 057900
Jennifer A. Kurle
Georgia Bar No. 140812
William Bradford Drummond
Georgia Bar No. 426230
**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
(404) 873-4696
*Attorneys for Plaintiff*

-13-

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31964808
Date: Jul 2 2010 6:28PM
Mark Harper, Clerk

# EXHIBIT A

Jun 09 10 10:14a      The Cookie Studio                          4043738528                        p.2

GEORGIA PROBATE COURT
STANDARD FORM

STATE OF GEORGIA                                          ESTATE NUMBER:_____
COUNTY OF FULTON

## LETTERS TESTAMENTARY
### (Not Relieved of Filing Return)

By _____ Pinkie T. Toomer _____, Judge of the Probate Court of said County.


KNOW ALL WHOM IT MAY CONCERN:

That on the **10**<sup>th</sup> day of ___October___, 200**8**, at a regular term of the Probate Court, the last Will and Testament dated **January 3** , **2005** of_____ **Edith Levinson Kaufman** _____deceased, at the time of ___Her___ death a resident of said County, was legally proven in ___Solemn___ form and was admitted to record by order, and it was further ordered that **Barbara Kaufman O'Neill** _____ named as Executor(s) in said Will, be allowed to qualify, and that upon so doing, Letters Testamentary be issued to such Executor(s).


NOW, THEREFORE, the said____ **Barbara** **Kaufman** **O'Neill** _____, having taken the oath of office and complied with all the necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all the powers of Executor(s) under the Will of said deceased, according to the Will and the law; and is/are hereby required to render a true and correct inventory of all the goods, chattels, rights and credits of said deceased, and make a return of them to this Court; and further, to file a proper annual or final return with this Court each year until the Executorship is fully discharged.

Given under my hand and official seal, the **10**<sup>th</sup> day of ___October___, 20**08**.


_____
Judge of the Probate Court

### CERTIFICATION OF COPY

NOTE:   The following must be signed if the judge does not
        sign the original of this document:

Issued by:


_____
Clerk, Probate Court

Court Docketing Code W10 C.F. or W11 S.F.
Recorded in Letters of Testamentary Book **210** Page **289**

This document consisting of ___1___ page(s) is hereby certified to be a true copy of an original document on file in the Probate Court of Fulton County, Georgia. In witness whereof, I have hereto set my official signature and affixed the seal of the probate court, at the County and State aforesaid on 10-10-2008

_____
Jennifer Gresham, Clerk Fulton County Probate Court

Effective 7/87                                                             GPCSF 25

# EXHIBIT B

Sep 15 09 05:07p     The Cookie Studio                     4043738528                  p.2

**CERTIFICATE OF DEATH/STATE OF GEORGIA**     State File Number: `3635`

DECEDENT'S NAME: **Edith Kaufman** Levinson     SEX: Female     DATE OF DEATH: 22-Jul-08

RACE: white     American     DATE OF BIRTH: 2-7-1915     AGE: 93     COUNTY OF DEATH: DeKalb

CITY, TOWN OR LOCATION OF DEATH: Atlanta     HOSPITAL OR OTHER INSTITUTION NAME: Wesley Woods Geriatric Hospital, Clifton Road NE, Atlanta, GA     Inpatient

STATE AND COUNTY OF BIRTH: NY, NY USA     CITIZEN OF WHAT COUNTRY: USA     MARRIED, NEVER MARRIED, WIDOWED, DIVORCED: Widowed     SPOUSE: Leonard Kaufman     WAS DECEDENT EVER IN U.S. ARMED FORCES: NO

SOCIAL SECURITY NUMBER: 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     USUAL OCCUPATION: Homemaker     KIND OF INDUSTRY OR BUSINESS: Own home

RESIDENCE STATE: GA     COUNTY: Fulton     CITY, TOWN or LOCATION: Atlanta     STREET AND NUMBER AND ZIP CODE: 866 Kings Ct 30306     INSIDE CITY LIMITS: Yes

FATHER'S NAME: Louis Levinson     MOTHER'S MAIDEN NAME: Sarah Perlman

INFORMANT'S NAME: Barbara O'Neill     MAILING ADDRESS: 866 Kings Ct Atlanta, GA 30306     RELATIONSHIP: daughter

BURIAL, CREMATION, REMOVAL: Burial     DISPOSITION DATE: 7-24-2008     CEMETERY OR CREMATORY: Arlington Memorial Park     LOCATION: Atlanta, GA, 30328 Fulton

FUNERAL DIRECTOR: Edward Dressler     FUNERAL HOME: Dressler's 3734 Chamblee Dunwoody Rd, Atlanta, Ga 30341     FDR LICENSE NO: 4271     EST. LICENSE NO: 1607

EMBALMER: not embalmed

IMMEDIATE CAUSE: Left femur fracture, delayed effects

Due to, or as a consequence of: Ground level fall

OTHER SIGNIFICANT CONDITIONS: Coronary artery disease, hypertension, dementia     AUTOPSY: NO

WAS OPERATION PERFORMED: YES     DATE OF OPERATION: 7/6/2008     CONDITIONS FOR WHICH OPERATION WAS PERFORMED: Left hip fracture

ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED: ACCIDENT     DATE OF INJURY: 7/4/2008     DESCRIBE HOW INJURY OCCURRED: Fell from standing height while ambulating     HOUR OF INJURY: Approx 3:00 AM

INJURY AT WORK: NO     PLACE OF INJURY: Nursing home     LOCATION: 890 Mt. Vernon Hwy., Sandy Springs, GA 30328

CERTIFIER: Michele T. Stauffenberg, MD     DATE SIGNED: Aug 18, 2008     HOUR OF DEATH: 1:20 PM

DATE PRONOUNCED DEAD: 7/22/2008     HOUR PRONOUNCED DEAD: 1:20 PM

Medical License No. 049478

REGISTRAR: Wanda Cason     DATE: AUG 21 2008

GEORGIA DEPARTMENT OF HUMAN RESOURCES/VITAL RECORDS SERVICE     DO NOT FOLD THIS CERTIFICATE

# Certificate of Record

This is an exact copy of the death certificate received for filing in DeKalb County.

deputy registrar _Wanda Cason_

Issued by _Wanda Cason_     Date 8-21-08

# EXHIBIT C

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER. | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | 060030401 | A. BUILDING _____  B. WING _____ | 04/23/2008 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| EDENBROOK OF DUNWOODY | 690 MT. VERNON HIGHWAY  ATLANTA, GA 30328 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A 000 | Opening Comments | A 000 | | |
| | >>>>The purpose of this visit was to investigate complaint #GA00053711. | | | |
| | On-site visits were made to the facility on April 22 and 23, 2008. The investigation was completed on April 23, 2008. | | | |
| A1201 SS=G | 290-5-35-.12(1) Services. | A1201 | | |
| | Each personal care home shall provide room, meals and personal services to the residents of the home which are commensurate with the needs of the individual residents. The personal services shall include 24-hour responsibility for the well-being of the residents. Each home shall provide individual residents protective care and watchful oversight including but not necessarily limited to, a daily awareness by the management of resident's functioning, his or her whereabouts, the making and reminding a resident of medical appointments, the ability and readiness to intervene if a crisis arises for a resident, supervision in areas of nutrition, medication and actual provision of supportive medical services. Personal services shall be provided by the administrator or on-site manager or by appropriately qualified staff designated by the administrator or on-site manager. | | | |
| | This RULE is not met as evidenced by: >>>>Based on record review and staff interview, the facility failed to provide individual residents with protective care and watchful oversight including the readiness to intervene in a crisis for 1 of 3 residents (#1). Findings include: | | | |
| | On April 22, 2008 at 11:50 AM, a review of the | | | |

ORS Inspection Report

LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE

TITLE                                    (X6) DATE

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 060030401 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED 04/23/2008 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER EDENBROOK OF DUNWOODY | STREET ADDRESS, CITY, STATE, ZIP CODE 690 MT. VERNON HIGHWAY ATLANTA, GA 30328 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A1201 | Continued From page 1

Service and Health Update form dated March 21, 2008, showed documentation of the following for resident #1: alert; weepy at times; weak; poor appetite; restless; anxious at times and sleepless.

On April 22, 2008 at 11:50 AM, a review of an incident report dated March 27, 2008, showed documentation entered by the private duty agency sitter that resident #1 had unexplained bilateral blackened eyes, bruising to the left leg extremity in four areas, bruising to flank area and lower back area.

In an interview on April 23, 2008 at 2:00 PM, staff B stated resident #1 had the service of a twenty-four hour sitter that provided for all care needs. Staff B confirmed he did not speak to the sitters that worked with resident #1 on March 27, 2008. Staff B stated he spoke to a representative at the private duty agency and was informed resident #1 had been resistant to care all through the night, had kept getting up and sliding off the bed.

In an interview on April 23, 2008 at 11:40 AM, staff C stated that when a resident has a sitter, the sitter does everything for the resident. Staff C stated the facility staff make rounds at the beginning of the shift and answer any call lights.

In an interview on April 23, 2008 at 2:00 PM, staff B confirmed that the staff of the facility did not notify the physician or transport resident #1 to the hospital on March 27, 2008.

In an interview on April 23, 2008 at 11:40 AM, staff B stated the family member of resident #1 made arrangements for transportation to the hospital on March 30, 2008 when resident #1 began having diarrhea and burning sensations | A1201 | | |

ORS Inspection Report

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER:  060030401 | (X2) MULTIPLE CONSTRUCTION  A. BUILDING _____  B. WING _____ | (X3) DATE SURVEY COMPLETED  04/23/2008 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER  EDENBROOK OF DUNWOODY | STREET ADDRESS, CITY, STATE, ZIP CODE  690 MT. VERNON HIGHWAY  ATLANTA, GA  30328 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A1201 | Continued From page 2  upon urination.  A review of the Hospital Records and Nurses Notes on April 22, 2008, show documentation that resident #1 was admitted to the hospital on March 30, 2008, diagnosed with dehydration, multiple bruises at various stages on his/her extremities and a urinary tract infection. | A1201 | | |
| A2101 SS=J | 290-5-35-.21(1) Procedures for Change in Resident Condition.  In case of an accident or sudden adverse change in a resident's condition or adjustment, a home shall immediately obtain needed care and notify the representative, or legal surrogate, if any.  A record of such incidents shall be maintained in the resident's files.  This RULE  is not met as evidenced by: >>>>Based on record review and interview, the facility failed to obtain needed care, to notify the representative and to maintain a record of adverse changes in resident's condition and/or accidents for 1 of 3 residents (#1).  Findings include:  In an interview on April 22, 2008 at 2:00 PM, staff B, the health care coordinator, confirmed he was aware that staff had observed bruising on the eye of resident #1 on March 26, 2008.  In an interview on April 22, 2008 at 12:30 PM, staff D, the lead care manager, confirmed he was aware that resident #1 had bruising around one eye on March 26, 2008.  A review of the March and April 2008 incident | A2101 | | |

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 060030401 | (X2) MULTIPLE CONSTRUCTION A. BUILDING ___ B. WING ___ | (X3) DATE SURVEY COMPLETED 04/23/2008 |
|---|---|---|---|

NAME OF PROVIDER OR SUPPLIER
EDENBROOK OF DUNWOODY

STREET ADDRESS, CITY, STATE, ZIP CODE
680 MT. VERNON HIGHWAY
ATLANTA, GA 30328

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A2101 | Continued From page 3

reports, showed no documentation of an incident report on March 26, 2008, addressing bruising on the eye of resident #1. There was no documentation that the resident's representative was notified. | A2101 | | |
| A3103 SS=D | 290-5-35-.31(3) Reporting.

The personal care home shall report to the Office of Regulatory Services whenever any of the following incidents involving residents occurs or the personal care home has reasonable cause to believe that an incident involving a resident has occurred:

(a) Any death of a resident;
(b) Any serious injury to a resident that requires medical attention;
(c) Any rape, assault, any battery on a resident, or any abuse, neglect, or exploitation of a Resident in accordance with the Long Term Care Resident Abuse Reporting Act O.C.G.A. Sec. 31-8-80 et seq;
(d) Any time a resident cannot be located, where there are circumstances that place the health, safety, or welfare of the resident or others at risk and the resident has been missing for more than 30 minutes;
(e) An external disaster or other emergency situation that affects the continued safe operation of the residence;
(f) Any circumstances where a member of the governing body, administration, staff associated with or affiliated with the personal care home, or family member of staff is associated with a will, trust, or life insurance policy of a resident or former resident to verify that such gift is knowingly and voluntarily made and not the result of any coercion; and
(g) When an owner, director or employee | A3103 | | |

ORS Inspection Report
STATE FORM                                    6/99        NPXW11                    If continuation sheet 4 of 5

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 060030401 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED 04/23/2008 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| EDENBROOK OF DUNWOODY | 690 MT. VERNON HIGHWAY ATLANTA, GA 30328 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A3103 | Continued From page 4 acquires a criminal record as defined in these rules. This RULE is not met as evidenced by: >>>>Based on record review and staff interview, the facility failed to report to the Office of Regulatory Services an incident of neglect and suspected abuse involving 1 of 3 residents (#1) in accordance with the Long Term Care Resident Abuse Reporting Act O. C. G. A. Sec 31-8-80 et seq. Findings include: On April 22, 2008 at 12:30 PM, a review of an incident report dated March 27, 2008, showed documentation that a private duty agency staff initiated the report and entered on the incident form that resident #1 had blackened eyes and four bruises along his/her left leg, flank area, and lower back area. The section of the form addressing the type of incident and incident event were marked "unknown" and "unobserved." In an interview on April 22, 2008 at 11:00 AM, staff B stated he was notified on March 27, 2008 that facility staff observed two blackened eyes, and bruises along left leg of resident #1. On April 22, 2008 at 12:00 PM, a review of progress notes dated March 27, 2008, documented that resident #1 was resistant to care all through the night and could not be kept in bed. Staff C stated she was informed by the night shift sitter that the bruising on resident #1 was observed at 4:00 AM on March 27, 2008. Staff C stated the day shift private duty sitter informed her that no incidents of resident #1 falling during | A3103 | | |

ORS Inspection Report
STATE FORM                                                          6899          NPXW11                                        If continuation sheet 5 of 5

PRINTED: 05/05/2008
FORM APPROVED

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 060030401 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED 04/23/2008 |
|---|---|---|---|

NAME OF PROVIDER OR SUPPLIER: **EDENBROOK OF DUNWOODY**

STREET ADDRESS, CITY, STATE, ZIP CODE: **690 MT. VERNON HIGHWAY ATLANTA, GA 30328**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A3103 | Continued From page 5<br><br>the night or observed bruising had been logged in the private duty agency communication log book by the night shift sitter.<br><br>Staff B confirmed that the Department was not notified of suspicion of neglect/abuse. | A3103 | | |

ORS Inspection Report
STATE FORM                    6460        NPXW11                    If continuation sheet 6 of 6

OFFICE OF REGULATORY SERVICES
PERSONAL CARE HOME PROGRAM

## *FACILITY IDENTIFIERS*

**Facility Name:**  Edenbrook Of Dunwoody                    **Surveyor Name:**  Karen L. Brown

**Provider Number:**  PCH001920                              **Survey Exit Date:**  04/22/2008

| RESIDENT IDENTIFIER | PERSONNEL IDENTIFIER |
|---|---|
| 1 | A.  Freda Meyer-Executive Director |
| ∶ | B.  Ellis Davis-Health care coordinator |
| ∶ | C.  Quattalke Peters |
| 4. | D.  Cyprian Maturi |
| 5. | E.  Rebecca Speights |
| 6. | F.  George |
| 7. | G. |
| 8. | H. |
| 9. | I. |
| 10. | J. |
| 11. | K. |
| 12. | L. |
| 13. | M. |
| 14. | N. |

EXHIBIT D

# AFFIDAVIT

STATE OF FLORIDA )
)
COUNTY OF _Lee_ )

Before me, the undersigned officer, duly authorized to administer oaths, came Stacey Daniels, RN, MHA, CLNC, who after being first duly sworn on oath, states as follows:

1.

I am Stacey Daniels, RN, MHA, CLNC. I am a Registered Nurse licensed to practice nursing in the State of Florida and was licensed in Florida at the time the nursing care, which is the subject of my review, took place. Within Nursing, I am a Registered Nurse Manager at an assisted living facility and have acted in this capacity since 2000. Additionally, I have been an Adjunct Professor in the Allied Health Department at South West Florida College from 2004 to the present. A copy of my curriculum vitae is attached to this Affidavit. I am over the age of eighteen (18) years, suffer from no legal disabilities, and give this Affidavit based upon my own personal knowledge and belief.

2.

Based upon my education, training and experience, I am familiar with that degree of care and skill ordinarily exercised by members of the nursing profession generally under the same or similar circumstances and like surrounding conditions (the "standard of care"). Specifically, I am familiar with that degree of care and skill ordinarily exercised by assisted living staff in the care and treatment of patients such as Edith Kaufman, as her condition is reflected in the medical records that I have reviewed.

3.

In connection with the giving of this Affidavit, I have reviewed the following materials, which were provided to me by the law firm of Bird Law Group, P.C.:

(a) EdenBrook Assisted Living records of Edith Kaufman;

(b) Abstracted St. Joseph's Hospital of Atlanta records for Edith Kaufman's July 4, 2008 admission, including the Discharge Summary, History and Physical and Operative Report; and

(c) DHR report concerning EdenBrook surveys and the complaint investigation for Edith Kaufman.

4.

The above-referenced medical records reflect that Edith Kaufman became a resident at EdenBrook's Assisted Living unit on March 1, 2008. The records document that on admission to the facility, Edith Kaufman was ambulatory with use of a walker and was continent of bowel and bladder.

5.

The records reflect that Ms. Kaufman fell twice during her stay in the Assisted Living Unit at EdenBrook. Specifically, the records reflect that Ms. Kaufman first fell on April 18, 2008, and then again on June 1, 2008.

-2-

6.

On June 3, 2008, Edith Kaufman was transferred to the Reminiscence Unit of EdenBrook, where she fell two additional times.

7.

The records reflect that Edith Kaufman fell again on June 14, 2008.

8.

According to the records, Edith Kaufman complained of left knee pain at approximately 11:30 p.m. on the night of July 3, 2008. A Med Tech noted Ms. Kaufman was unable to apply pressure to her left leg, and medication was provided. The records demonstrate no further intervention by the EdenBrook staff at this time.

9.

Approximately six hours later, at 5:30 a.m., a notation in the Daily Log reflects that Edith Kaufman was complaining of left knee pain and could not walk to the restroom. It was also noted that Edith Kaufman had been incontinent of bladder twice, at 6:00 a.m. and 6:30 a.m. The records further reflect that Ms. Kaufman had to be lifted to the restroom.

10.

Ms. Kaufman was taken to St. Joseph's Hospital for evaluation.

-3-

11.

The St. Joseph's Hospital of Atlanta records reflect that Ms. Kaufman was complaining of left hip pain and had been hurting since July 3, 2008. The History and Physical states that Ms. Kaufman developed left hip pain after being transferred from a wheelchair to her bed. Her pain was noted to be severe. She was further noted to have bruising to her head and under her left chin. X-rays of Ms. Kaufman's left hip revealed a moderately displaced intertrochanteric femoral fracture.

12.

Edith Kaufman never recovered from her injury on July 3, 2008. After consultation with Ms. Kaufman's family, palliative care was ordered. Ms. Kaufman died on July 22, 2008.

13.

The DHR records reveal that EdenBrook received three (3) citations related to Edith Kaufman's injury on July 4, 2008, including two (2) Category II citations and a fine. First, EdenBrook failed to immediately obtain needed care and failed to notify Ms. Kaufman's representative of a sudden adverse change in her condition. Second, EdenBrook failed to immediately investigate the cause of Ms. Kaufman's accident and failed to make a report to Ms. Kaufman's representative. Third, EdenBrook failed to report Ms. Kaufman's allegations of abuse to the DHR.

-4-

14.

Based upon my education, training, and experience and my review of the above-referenced records, it is my opinion the nurses and staff at EdenBrook Assisted Living, charged with the care of Edith Kaufman during her residency at that facility, failed to exercise that degree of care and skill ordinarily exercised by assisted living nurses and staff generally under the same and similar circumstances and like surrounding conditions (the "standard of care").

15.

The standard of care required that the nurses and staff at EdenBrook implement and follow a fall protection protocol for Edith Kaufman.

16.

It is my opinion, based upon my education, training, and experience and the facts contained in the material I have reviewed, that the nurses and staff at EdenBrook breached the standard of care by failing to implement and follow a fall protection protocol for Edith Kaufman.

17.

In addition, the standard of care required that the nurses and staff at EdenBrook timely recognize that Edith Kaufman had experienced an injury on July 3, 2008, and provide or obtain timely and appropriate care for the patient.

18.

It is my opinion, based upon my education, training, and experience and the facts contained in the material I have reviewed, that the nurses and staff at EdenBrook breached the standard of care by failing to timely recognize Edith Kaufman had experienced an injury on July 3, 2008, and provide or obtain timely and appropriate care for the patient.

-5-

19.

It is not the purpose of the Affidavit to set forth each and every criticism that I have

now or may have in the future regarding the care rendered to Edith Kaufman by the nurses and

staff at EdenBrook, but rather to be in compliance with Georgia Code 9-11-9.1 which requires

that this Affidavit set forth one negligent act and the factual basis for my opinions.

**FURTHER AFFIANT SAYETH NOT.**

Stacy Daniels, RN, MHA, CLNC

Sworn to and subscribed before me
This 4th day of June , 2010.

Notary Public
My Commission expires:

-6-